UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JESUS FLORES,

        Petitioner,

vs.

        Case No.  2:07-cv-783-FtM-36DNF

SECRETARY, DEPARTMENT OF
CORRECTIONS, ATTORNEY GENERAL,
STATE OF FLORIDA,

        Respondents.
_____/

## OPINION AND ORDER

Petitioner Jesus Flores (hereinafter "Flores" or "Petitioner"), an inmate incarcerated within the Florida Department of Corrections, initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on November 26, 2007[1] challenging his plea-based conviction for three counts of DUI-Manslaughter, arising out of the Twentieth Judicial Circuit, Hendry County, Florida, for which he was sentenced to twenty-five (25) years imprisonment. Petition at 1. The Petition sets forth the following ground for relief:

> Trial court committed reversible error in determining and sentencing Flores of [sic] multiple convictions and sentences for offenses arising from the same criminal transaction, the dispositive question is whether the

---

[1] The Petition (Doc. #1) was docketed and filed in this Court on November 30, 2007. The Court, however, applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing." *Alexander v. Sec'y Dep't of Corr.*, 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

>   legislature intended to authorize separate punishments for the three crimes; such intent can be explicitly stated in statute, or can be discerned through *Blockburger*[2] "same elements" test of statutory construction. United States Constitution Amendments 5th, 6th and 14th.

*Id.* at 4. Respondents filed a Response (Doc. #7, Response), and submitted exhibits (Exhs. 1-10) in support of their Response. *See* Doc. #9, List of Exhibits (exhibits not scanned). Respondents submit that Petitioner's sole ground for relief "is waived and foreclosed by entry of Flores' unconditional voluntary plea of *nolo contendere* to the separate DUI-Manslaughter counts."[3] Response at 6. Petitioner filed his Reply to the Response (Doc. #13, Reply). This case is now ripe for review.

## II.  Procedural History

On January 27, 2003, Flores was charged by an amended information with three counts of DUI-Manslaughter (counts 1-3) and one count of Possession of Cocaine (count 4). Exh. 2, "Amended

---

[2] *Blockburger v. U.S.*, 284 U.S. 299 (1985).

[3] Respondents seek dismissal of the Attorney General of the State of Florida as a respondent. Response at 2. Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfield v. Padilla*, 124 S. Ct. 2711, 2717 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" *Id.* When the petitioner is incarcerated and challenges his confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." *Id.* at 2718 (citations to other authorities omitted). In Florida, that person is the current Secretary of the Florida Department of Corrections. Consequently, the Court will dismiss the Florida Attorney General, as a named respondent.

2

Information-Case No. 03-1CF." On November 18, 2005, Flores entered into a plea deal. *Id.*, "Plea Form." On November 21, 2005, the Twentieth Judicial Circuit Court, in and for Henry County, adjudicated Petitioner guilty of three counts of DUI-Manslaughter, and sentenced Petitioner to 15 years on count 1, 10 years on count 2, and 15 years on count 3. *Id.*, "Judgment." The sentence imposed for count 1 was to run consecutive to the sentence imposed for count 2; and, the sentence imposed for count 3 was to run concurrent with the sentences imposed for counts 1 and 2. *Id.* Count 4 of the Amended Information, Possession of Cocaine, was *nolle prossed*. *Id.* Flores did not appeal his plea-based conviction.

On October 19, 2006, Flores filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). Exh. 1 (Rule 3.800 motion). Petitioner argued that he "should not have received no more [sic] than 15 years on the DUI-Manslaughter charges, since all charges arose out of a single criminal transaction or episode." *Id.* at 3. In support, Flores cited to *Blockburger v. U.S.*, 284 U.S. 299 (1932), and argued that "double jeopardy bars separate convictions and sentences." *Id*. at 5.

On April 25, 2007, the post-conviction court denied Flores' Rule 3.800 motion on the merits stating:

> Attached hereto is a copy of the Information, that shows that each count involved a different victim and according to Florida case law, where there are different victims the required elements are not identical. *Simon v. State*,

3

> 615 So. 2d 236, 238 (Fla. 3d DCA 1993). If the required elements are not the same then each charge is treated as a separate criminal offense. *Simon*, also notes, "Under Section 775.021(4)(a), Florida Statutes (1989), a defendant may be sentenced separately for criminal offenses arising, as here, in the course of one criminal transaction or episode, which sentences may be imposed concurrently or consecutively, absent certain exceptions." Contrary to the Defendant's claim, the record reflects that the three manslaughter charges were entered under different charges and Defendant does not satisfy any exception set forth in § 775.021 (4)(b) to have the charges classified as a single criminal episode.[fn1]
>
>> [fn1] The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are: 1. Offenses which require identical elements of proof 2. Offenses which are degrees of the same offense as provided by statute 3. Offenses which are lesser offenses, the statutory elements of which are subsumed by the greater offense.

Exh. 2 at 1-2.

Flores appealed the denial of his Rule 3.800 motion. Exh. 3. On September 5, 2007, the State appellate court *per curiam* affirmed the post conviction court's denial of Flores' Rule 3.800 motion, citing:

> § 921.0024(2), Fla. Stat. (2002); *Hall v. State*, 823 So. 2d 757 (Fla. 2002); *Melbourne v. State*, 676 So. 2d 759 (Fla. 1995); *Carpenter v. State*, 884 So. 2d 385 (Fla. 2d DCA 2004).

*Flores v. State*, 2007 Fla. App. LEXIS 14174 (Fla. 2d DCA 2007); Exh. 5. Flores' motion for rehearing, clarification or written

opinion was denied. Exhs. 6, 7. Mandate issued on October 23, 2007. Exh. 8.

### III. Applicable Law

Petitioner filed his timely[4] Petition on April 26, 2007. Thus, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), governs this action. *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007); *Penry v. Johnson*, 532 U.S. 782, 792 (2001). Under AEDPA, the standard of review is greatly circumscribed and highly deferential to the state courts. *Stewart v. Sec'y Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007)(citation omitted). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). The following legal principles apply to this case.

---

[4]Respondent submits that the Petition is timely filed. Response at 5. The Court agrees.

### A. Federal Question

A federal court may only entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000). A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989). "It is a fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005)(internal quotations and citations omitted). Although the determination of whether a constitutional decision of the Supreme Court is a matter of federal law, "[w]hen questions of state law are at issue, state courts generally have the authority to determine the retroactivity of their own decisions." *Danforth v. Minnesota*, 128 S. Ct. 1029, 1048 (2008).

### B. Deference to State Court Decision

A federal court must afford a high level of deference to the

state court's decision. *Ferguson v. Culliver*, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See Brown v. Payton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Blankenship v. Hall*, 542 F.3d 1253, 1271 (11th Cir. 2008); *Ferguson*, 527 F.3d at 1146; *Wright v. Sec'y Dep't of Corr.*, 278 F.3d 1245, 1253-54 (11th Cir. 2002).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases,

or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. *Brown*, 544 U.S. at 141; *Mitchell*, 540 U.S. at 15-16. It is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." *Early v. Parker*, 537 U.S. 3, 8 (2002); *Mitchell*, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedent if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000), *cert. denied*, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 120 S. Ct. at 1520). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable," a substantially higher threshold. *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted), *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007); *Mitchell*, 540 U.S. at 17-18. Depending upon the

legal principle at issue, there can be a range of reasonable applications. *Yarborough v. Alvarado*, 541 U.S. 652, 663-64 (2004).

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). A factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005); *Henderson*, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001) (citation omitted).

**C.   Evidentiary Hearing**

After careful review of the record, the Court concludes no evidentiary proceedings are required in this Court. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Petitioner does not proffer any evidence that would require an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record

9

before the Court.  *Schriro*, 550 U.S. at 474; *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), *cert. denied*, 541 U.S. 1034 (2004).

### IV.  Findings of Fact and Conclusions of Law

**Waiver Due to Plea**

Liberally construed, Petitioner argues that his conviction for three counts of DUI-Manslaughter violates the double jeopardy clause,[5] because the Florida legislature did not intend to establish separate punishments for violating Florida's DUI-Manslaughter statute which resulted in multiple deaths.  As stated earlier, Respondents argue that Petitioner's plea waives his sole ground for relief.

It is well established that the entry of a guilty plea waives a multitude of federal constitutional rights, including, *inter alia*, the privilege against compulsory self-incrimination, the right of confrontation, the right to a jury trial, the right to a speedy trial, and the right to require the prosecutor to prove the crime beyond a reasonable doubt.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (stating "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that

---

[5] The Fifth Amendment provides that "No person shall be . . . subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. Amen. V.

occurred prior to the entry of the guilty plea."); *see also Tiemans v. U.S.*, 724 F.2d 928, 929 (11th Cir. 1984). The entry of a plea of *nolo contendere*, *i.e.* a no contest plea, which is what Petitioner entered, has the same legal effect in a criminal proceeding as a plea of guilty. *Hudson v. United States*, 272 U.S. 451, 455 (1926) (stating that a plea of *nolo contendere* is, like a plea of guilty, an admission of guilt for purposes of the case); *Williams v. Wainwright*, 604 F.2d 404, 407 (5th Cir. 1979)(holding that a plea of *nolo contendere* waives all nonjurisdictional defects)[6]; *Vinson v. State*, 345 So. 2d 711, 715 (Fla. 1977). Indeed, the United States Supreme Court in *U.S. v. Broce*, 488 U.S. 563, 570-71 (1989), held that a double jeopardy challenge is foreclosed by petitioner entering a guilty plea to two separate conspiracy indictments, recognizing that "just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." *See also Dermota v. U.S.*, 895 F.2d 1324 (11th Cir. 1990)(finding "defendant waived his right to raise a double jeopardy objection by pleading guilty to two separate offenses as a result of a plea agreement he entered into freely,

---

[6]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

voluntarily and accompanied by his attorney.")

A very narrow exception to the general waiver rule is where the government has no power to prosecute a defendant, in that the court does not have jurisdiction to adjudicate the case. *See Broce*, 488 U.S. at 574-75; *Tiemens v. U.S.*, 724 F.2d at 929 (only jurisdictional defects are subject to challenge after a guilty plea); *Menna v. New York*, 423 U.S. 61, 62 n.2 (1975)(where the Court refused to announce a blanket rule against waiving double jeopardy challenges and instead held "that a plea of guilty to a charge does not waive a claim that judged on its face-the charge is one which the State may not constitutionally prosecute."). Thus, Petitioner can not prevail on his claim unless he can demonstrate that the Florida court lacked jurisdiction to prosecute him for the three charged offenses. *U.S. v. Reynolds*, 215 F.3d 1210, 1215 (11th Cir. 2000).

Here, as noted by the State court, Flores was charged by an Amended Information which contained three separate counts, one for each of the three different victims who were killed as a result of Petitioner's actions. In particular, the Amended Information charged Petitioner with "caus[ing] the death of Sindia Rodriguez . . . contrary to Florida Statute 316.193(3);777.01" (count 1); "caus[ing] the death of Louis Rodriguez . . . contrary to Florida Statute 316.193(3);777.01" (count 2); and, "caus[ing] the death of Tommy Gonzales . . . contrary to Florida Statute 316.193(3);777.01"

12

(count 3). Exh. 2, Amended Information. Each of the counts constituted separate offenses under Florida law and required separate sentences, as clearly determined by the Florida legislature. § 775.021(4), Fla. State. (1989)(permitting the court to impose separate sentences for each offense arising out of one criminal transaction, which sentences may be imposed concurrently or consecutively). Notably, the offenses here involved three different victims, and therefore did not require identical elements of proof. *James v. State*, 453 So. 2d 786, 793 (Fla.), *cert. denied*, 469 U.S. 1098 (1984). Thus, based upon the face of the amended information, the State could lawfully prosecute Flores for each offense, and the court could impose each sentence separately. Because Petitioner cannot show that the State lacked jurisdiction to prosecute him for each of the three offenses, the Court finds that Petitioner waived any challenge to the offenses on the basis of double jeopardy by his plea. *See Dermota*, 895 F. 2d at 1325 (finding defendant waived double jeopardy challenge by pleading guilty to "an indictment that, on its face, described separate offenses.").

Accordingly, it is now

**ORDERED:**

1. The Florida Attorney General is **DISMISSED** as a named respondent.

2. The Petition for Writ of Habeas Corpus (Doc. #1) is

13

**DISMISSED with prejudice**.

3.  The Clerk of the Court shall enter judgment accordingly, terminate any pending motions, and close the file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma*

*pauperis.*

**DONE AND ORDERED** in Fort Myers, Florida, on this 12th day of November, 2010.

Charlene Edwards Honeywell
United States District Judge

SA: hmk

Copies: All Parties of Record

15